Hossain v. Garland

BIA
Kolbe, IJ
A206 911 460

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of March, two thousand twenty-two.

**PRESENT:**

> **JOSEPH F. BIANCO,**
> **WILLIAM J. NARDINI,**
> **STEVEN J. MENASHI,**
>      *Circuit Judges.*

_____

**FARUQ HOSSAIN, AKA FARUG HOSSAIN,**
>      *Petitioner,*

>      **v.**                                    **20-1015**
>                                                **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
>      *Respondent.*

_____

**FOR PETITIONER:**          Ben Baumgartner, Baumgartner Law Office, New York, NY.

**FOR RESPONDENT:**          Jeffrey Bossert Clark, Acting Assistant Attorney General;

Bernard A. Joseph, Senior Litigation Counsel; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Faruq Hossain, a native and citizen of Bangladesh, seeks review of a February 24, 2020 decision of the BIA affirming an April 2, 2018 decision of an Immigration Judge ("IJ"), which denied Hossain's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Faruq Hossain*, No. A206 911 460 (B.I.A. Feb. 24, 2020), *aff'g* No. A206 911 460 (Immigr. Ct. N.Y.C. Apr. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary."). "The scope of review under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, [and] the consistency between the applicant's or witness's written and oral statements . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*,

3

891 F.3d 67, 76 (2d Cir. 2018).

Substantial evidence supports the agency's determination that Hossain was not credible as to his claim that members of the Awami League attacked him twice on account of his membership in the Bangladesh National Party ("BNP"). The agency reasonably found Hossain's testimony nonresponsive when he was asked about the medical evidence he submitted. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that we give particular deference to the trier of fact's assessment of a witness's demeanor). That finding is supported by the record, which shows that Hossain stopped responding to questions at one point when asked about his corroborating evidence. *See Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) (holding that an "IJ's ability to observe . . . demeanor places [the IJ] in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question").

The IJ's demeanor finding, and the adverse credibility determination as a whole, are further supported by Hossain's

4

implausible testimony regarding the second attack. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *cf. Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Hossain testified that he was on his way home at the end of a rally of 400 to 500 BNP members and that he had walked only 50 to 100 feet from the rally site before he was attacked. He claimed to have been the only attendee attacked. As the IJ concluded, this story was implausible and thus supported the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (recognizing that an adverse credibility determination may be based on inherent implausibility if the finding "is tethered to the evidentiary record" or "record facts . . . viewed in the light of common sense and ordinary experience").

Hossain was provided an opportunity to explain his implausible testimony but gave inconsistent explanations, first stating that he had work to complete after the rally, then, when asked why he was the only one with work to

complete, changing his testimony to say he was attacked after stopping at an adjacent market. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Given the demeanor and implausibility findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167. That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006) (concluding that, "[b]ecause th[e] same factual assertion was needed for either the asylum or the withholding claim, the [adverse] credibility ruling necessarily foreclosed relief in both"). Accordingly, we do not reach the agency's alternative determination that Hossain failed to adequately corroborate his claim. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of

6

which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
